

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Piper Hoffman (PH 8972)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IGOR KHAIT and EDWIN J. JOHNSON,** individually and on behalf all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>**WHIRLPOOL CORPORATION** and MAYTAG CORPORATION, a subsidiary of WHIRLPOOL CORPORATION,<br><br>    Defendants. | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Igor Khait ("Khait") and Edwin J. Johnson ("Johnson") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated as class representatives, by their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.      For years, the "Maytag Repairman" character – idle because Maytag's products did not break – was a familiar advertising symbol who helped identify Maytag as "the dependability people."  When Defendants Whirlpool, and later Sears, took over Maytag's service operation, they benefited from this well-established reputation.

2.      The real Maytag / Whirlpool repair people, however, were not idle at all. They spent long days traveling from house to house fixing customers' broken appliances.

3.      These Maytag / Whirlpool repair people could depend on one thing for certain: they were expected to give Maytag / Whirlpool a significant amount of their own time – off-the-clock, without any compensation.

4.      This case seeks to compel Defendants to pay their repair people all of the wages they earned.

5.      It was Maytag / Whirlpool policy that repair people were not allowed to log into the company's timekeeping system on their handheld tracking devices until they reached the home of their first customer of the day.  It was also Maytag / Whirlpool's policy that the repair people were required to log out of the company's timekeeping system as soon as they left their last customer's home.  Each day, however, they performed significant work for Maytag / Whirlpool's benefit before they logged in and after they logged out.

6.      Before their first house calls each day, Maytag / Whirlpool repair people were expected to perform inventories, locate parts and tools, place orders, check their vehicles, execute paperwork, and engage in other work-related tasks for Maytag / Whirlpool's benefit.  Maytag / Whirlpool failed to record this work time and failed to compensate its repair people for it.

7.      Moreover, after performing their essential work functions at the beginning of the day, the repair people drove to their first appointment.  All of this driving time was compensable because it occurred after the repair people performed their "first principal activity" for Maytag / Whirlpool's benefit.  Nevertheless, Maytag / Whirlpool failed to

record this work time and failed to compensate its repair people for it.

8.    It was not uncommon for a repair person to begin working an hour or more before Maytag / Whirlpool started to pay her.

9.    Additionally, Maytag / Whirlpool required repair people to perform significant work after their last house call. The repair people performed this work off-the-clock without compensation. Their post-shift work included, but was not limited to, executing paperwork, obtaining money orders, and returning unused parts. Repair people routinely spent more than 30 uncompensated minutes on these and other post-shift tasks. Additionally, Maytag / Whirlpool also required repair people to perform a partial vehicle inventory once each week. The vehicle inventory alone often added 20 or more unpaid minutes to a repair person's day.

10.    By the conduct described in this Class Action Complaint, Whirlpool Corporation and Maytag Corporation, a subsidiary of Whirlpool Corporation (hereinafter collectively "Defendants"), have violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay their repair people proper overtime compensation and proper compensation at the regular rate of pay. These violations arose out of Defendants' company-wide policies, and pattern or practice of violating wage and hour laws.

11.    Khait and Johnson bring individual and representative claims to remedy these violations. They bring their FLSA claims as a collective action, on their own behalf and on behalf of other similarly situated employees, under 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision, 29 U.S.C. § 216(b). They bring individual and representative wage claims under the New York Labor Law ("NYLL") Article 19, §§

650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12

N.Y.C.R.R. Part 142, as a class action pursuant to Fed. R. Civ. P. 23.

## THE PARTIES

### *The Plaintiffs*

12.     Plaintiff Khait resides in Brooklyn, New York.

13.     Khait has been employed by Defendants as a Service Technician from

approximately September 1993 through the present.

14.     Pursuant to Defendants' policy and pattern or practice, Khait regularly

performed work for Defendants' benefit without compensation.  Defendants did not pay

Khait a proper overtime premium for hours he worked for Defendants' benefit in excess

of 40 hours in a workweek.

15.     Plaintiff Johnson resides in Saville, New York.

16.     Johnson has been employed by Defendants as a Service Technician from

approximately December 1993 through the present.

17.     Pursuant to Defendants' policy and pattern or practice, Johnson regularly

performed work for Defendants' benefit without compensation.  Defendants did not pay

Johnson a proper overtime premium for hours he worked for Defendants' benefit in

excess of 40 hours in a workweek.

### *The Defendants*

18.     Upon information and belief, Defendants maintain control, oversight, and

direction over the operation of the facilities and offices in which Plaintiffs worked,

including the payroll and other employment practices therein.

19.     Defendant Whirlpool Corporation is a Delaware corporation, with

4

corporate headquarters at 2000 N. M-63, Benton Harbor, Michigan 49002.

20.     Defendant Maytag Corporation is a subsidiary of Whirlpool Corporation.

21.     On information and belief, Whirlpool Corporation acquired Maytag Corporation on March 31, 2006.

22.     On information and belief, Plaintiffs perform repairs and other work-related duties on behalf of Defendants in New York State.

23.     Upon information and belief, Whirlpool Corporation had revenues of $14,317 million and had 66,000 employees in 2005.

24.     Defendants functioned as the "employer" of Plaintiffs as that term is used in all relevant laws.

## JURISDICTION AND VENUE

25.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

26.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

27.     The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28.     At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

29.     Plaintiffs' claims involve matters of national or interstate interest.

30.     Citizenship of the members of the proposed class is dispersed among a substantial number of states.

31.     Upon information and belief, greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are not citizens of New York.

32.     Upon information and belief, at least one Defendant resides in New York.

33.     Upon information and belief, at least one Defendant is subject to personal jurisdiction in New York.

34.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

35.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

36.     A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and in Brooklyn, NY.

## CLASS ACTION ALLEGATIONS

### *The New York Class*

37.     Khait and Johnson bring the First Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of all persons who have worked for Defendants as Service Technicians (or in comparable roles with different titles) in New York between November 30, 2000 and the date of final judgment in this matter (the "New York Class").

38.     Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the

New York Class.

39.     The persons in the New York Class identified above are so numerous that
joinder of all members is impracticable.  Although the precise number of such persons is
not known to Plaintiffs, the facts on which the calculation of that number can be based
are presently within the sole control of Defendants.

40.     Upon information and belief, the size of the New York Class is at least 50
workers.

41.     Defendants acted or refused to act on grounds generally applicable to the
New York Class, thereby making appropriate final injunctive relief or corresponding
declaratory relief with respect to the New York Class as a whole.

42.     The First Cause of Action is properly maintainable as a class action under
Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to
the New York Class that predominate over any questions solely affecting individual
members of the New York Class, including but not limited to:

a.     whether Defendants failed to keep true and accurate time records
for all hours worked by Plaintiffs and the New York Class;

b.     what proof of hours worked is sufficient where an employer fails
in its duty to maintain true and accurate time records;

c.     whether Defendants failed and/or refused to pay Plaintiffs and the
New York Class for all hours worked in violation of the NYLL Article 6 §§ 190 *et seq.*

d.     whether Defendants failed and/or refused to pay Plaintiffs and the
New York Class overtime pay for hours worked in excess of 40 hours per work week
within the meaning of the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York

State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

        e.      the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class;

        f.      whether Defendants have had a policy of failing to pay workers for time that they work;

        g.      whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

        h.      whether Defendants failed to compensate Plaintiffs and the New York Class for all work Defendants required and/or suffered or permitted them to perform; and

        i.      whether Defendants correctly calculated and compensated Plaintiffs and the New York Class for hours worked in excess of 40 per workweek.

      43.      The claims of Plaintiffs are typical of the claims of the New York Class they seek to represent.  Plaintiffs and the New York Class members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week.  Defendants acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

      44.      Plaintiffs will fairly and adequately represent and protect the interests of the New York Class.  Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the New York Class to represent its interests fairly and adequately.  Plaintiffs recognize that as class representatives, they must represent and consider the interests of the New York Class just as they would represent and consider

their own interests.  Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the New York Class.  Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class.  Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

45.     Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

46.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New York Class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## COLLECTIVE ACTION ALLEGATIONS

47.     Khait and Johnson bring FLSA claims, the Second Cause of Action, on

behalf of themselves and all similarly situated persons who have worked for Defendants

as Service Technicians (or in comparable roles with different titles), who elect to opt-in

to this action (the "FLSA Collective").

48.     Defendants are liable under the FLSA for, *inter alia*, failing to properly

compensate Plaintiffs and the FLSA Collective.  Upon information and belief, there are

many similarly situated current and former employees of Defendants who have been

underpaid in violation of the FLSA who would benefit from the issuance of a court-

supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

Those similarly situated employees are known to Defendants, are readily identifiable, and

can be located through Defendants' records.  Notice should be sent to the FLSA

Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

49.     Upon information and belief, it was Defendants' willful policy and pattern

or practice to suffer and permit work by its employees, including Plaintiffs, the New

York Class Members, and the FLSA Collective members (collectively "Class

Members"), without paying them for all hours worked and without paying them an

overtime premium for work that exceeded 40 hours in a week.

50.     Throughout the relevant period, it was Defendants' policy and pattern or

practice (1) that Plaintiffs and the Class Members were not allowed to log into

Defendants' timekeeping system before they reached their first customer's home; (2) that

Plaintiffs and the Class Members were required to log out of Defendants' timekeeping

system as soon as they left their last customer's home; (3) that Plaintiffs and the Class

Members were required to perform, and they did perform, compensable work before they

10

logged into Defendants' timekeeping system and after they logged out of Defendants' timekeeping system; (4) not to keep accurate records of work Plaintiffs and the Class Members performed before they logged into Defendants' timekeeping system and after they logged out of Defendants' timekeeping system; and (5) not to pay Plaintiffs and the Class Members for compensable work they performed off-the-clock – before they logged into Defendants' timekeeping system and after they logged out of Defendants' timekeeping system.

51.     As a result of Defendants' policies and pattern or practice, Plaintiffs and the Class Members performed compensable work, including compensable work in excess of forty hours in a workweek, without compensation. Defendants did not compensate Plaintiffs and the Class Members at a properly calculated overtime premium rate for work they performed in excess of forty hours in a workweek. This unpaid work was necessary, integral, and indispensable to Plaintiffs and the Class Members' principal job activity. This unpaid work began after Plaintiffs' and the Class Members' first essential job function of the day and ended before their last essential job function of the day. The proper performance of Plaintiffs' and the Class Members' jobs required the unpaid work. Plaintiffs and the Class Members performed the unpaid work for the benefit of Defendants, which suffered and/or permitted the unpaid work. Defendants assigned the unpaid work, Defendants were aware of the unpaid work, and/or Defendants should have been aware of the unpaid work.

52.     Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Class Members.

53.     Defendants were aware or should have been aware that the law required them to pay non-exempt hourly employees, including Plaintiffs and the Class Members, for all hours they suffered or permitted them to work, and to pay an overtime premium of time and one half for all work-hours they suffered or permitted in excess of 40 per workweek.

## FIRST CAUSE OF ACTION
### New York Labor Law:  Unpaid Wages
### On behalf of Plaintiffs and the New York Class Members

54.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

55.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

56.     At all times relevant Plaintiffs and the members of the New York Class have been employees and Defendants have been employers within the meaning of the NYLL.  Plaintiffs and the members of the New York Class are covered by the NYLL.

57.     Whirlpool Corporation employed Plaintiffs and the New York Class members as an employer and/or a joint employer.

58.     Maytag Corporation, a subsidiary of Whirlpool Corporation, employed Plaintiffs and the New York Class members as an employer and/or joint employer.

59.     Defendants failed to pay Plaintiffs and the New York Class members wages that they earned in violation of Article 6 NYLL §§190 *et seq.*

60.     Defendants failed to pay Plaintiffs and the New York Class members overtime wages to which they are entitled under the Article 19 NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not

limited to the regulations in 12 N.Y.C.R.R. Part 142.

61.    Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

62.    Due to Defendants' violations of the NYLL, Plaintiffs and the New York Class members are entitled to recover from Defendants their unpaid wages (including overtime wages), reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

63.    Plaintiffs do not seek NYLL liquidated damages individually or on behalf of the New York Class members.

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act:  Unpaid Wages**
**On behalf of Plaintiffs and the FLSA Collective**

64.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

65.    Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

66.    At all times relevant, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

67.    The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiffs and the FLSA Collective.

68.    Defendants were employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

69.    At all times relevant, Plaintiffs and the FLSA Collective were or have

13

been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

70.     Whirlpool Corporation employed Plaintiffs and the FLSA Collective as an employer and/or a joint employer.

71.     Maytag Corporation, a subsidiary of Whirlpool Corporation, employed Plaintiffs and the FSLA Collective as an employer and/or a joint employer.

72.     Defendants failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

73.     Defendants' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.

74.     Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and the FLSA Collective.

75.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

76.     As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 201 *et seq.*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all members of the New York Class, pray for the following relief:

A.     Certification of this action as a class action;

B.     Designation of the Plaintiffs as Class Representatives;

C. A declaratory judgment that the practices complained of herein are unlawful;

D. Appropriate equitable and injunctive relief to remedy Defendants' violations of New York law, including but not limited to an order enjoining Defendants from continuing their unlawful practices;

E. Restitution and/or disgorgement of profits;

F. An award of damages, including but not limited to unpaid wages, to be paid by Defendants according to proof;

G. Pre-judgment interest and post-judgment interest as provided by law;

H. Reasonable attorneys' fees and costs of suit, including expert fees; and

I. Such other relief as the Court may deem necessary, just and proper. (Plaintiffs do not seek liquidated damages under the NYLL, individually or on behalf of the New York Class members.)

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit been employed by Defendants as Service Technicians (or in comparable roles with different titles). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were

denied proper wages; and

    B.  Unpaid wages and an additional and equal amount as liquidated

damages pursuant to the FLSA and the supporting United States Department of Labor

regulations.

*  *  *

<u>**DEMAND FOR TRIAL BY JURY**</u>

    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all questions of fact raised by the Complaint.

Dated:   New York, New York
      November 30, 2006


        Respectfully submitted,
        **OUTTEN & GOLDEN LLP**
        By:

        Piper Hoffman (PH 8972)

        **OUTTEN & GOLDEN LLP**
        Adam T. Klein (AK 3293)
        Justin M. Swartz (JS 7989)
        Piper Hoffman (PH 8972)
        3 Park Avenue, 29th Floor
        New York, New York 10016
        Telephone:  (212) 245-1000

        **Attorneys for Plaintiffs and the Putative Class**

16